UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTURO REYES-RODRIGUEZ,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C10-5182BHS
(CR06-5637BHS)

ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

  This matter comes before the Court on Petitioner's ("Reyes-Rodriguez") 28 U.S.C. § 2255 petition to vacate, set aside, or correct sentence (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

  On June 22, 2007, a jury convicted Reyes-Rodriguez of drug crimes and possession of a firearm in furtherance of a drug trafficking offense, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 924(c)(1)(A). Reyes-Rodriguez appealed this conviction to the Ninth Circuit Court of Appeals. On appeal, Reyes-Rodriguez argued ineffective assistance of counsel, which the Ninth Circuit heard on direct appeal and

ORDER - 1

denied. Dkt. 8-10 at 2 (concluding there was no "reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different." (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

On March 15, 2010, Reyes-Rodriguez filed the instant § 2255 petition. Dkt. 1. On June 11, 2010, the Respondent (the "United States") responded in opposition to the motion. Dkt. 7. On August 2, 2010, Reyes-Rodriguez replied. Dkt. 11.

## II. DISCUSSION

**A.  Reyes-Rodriguez's § 2255 Claims**

In Reyes-Rodriguez's instant § 2255 petition, he makes the following six claims:

    1. Ineffective assistance of counsel for failing to investigate and present an entrapment defense;
    2. Ineffective assistance of counsel for failing to object to outrageous government conduct;
    3. Ineffective assistance of counsel for failing to argue sentencing entrapment;
    4. Court erred for failing to provide the jury with entrapment instructions;
    5. Brady violation by the government; and
    6. Prosecutorial misconduct for allowing false testimony.

Dkt. 11 at 1.

**B.  Ineffective Assistance Of Counsel**

The first three bases for Reyes-Rodriguez's § 2255 petition are ineffective assistance of counsel. However, Reyes-Rodriguez has already raised his ineffective assistance of counsel claim on direct appeal. *See* Dkt. 8-10 (Ninth Circuit rejecting Reyes-Rodriguez's ineffective assistance claim on direct appeal). Because Reyes-Rodriguez was given a full and fair opportunity to litigate this ground on direct appeal, the ground generally "may not be used as a basis for a subsequent § 2255 petition," which is precisely what he attempts to do here. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). In short, Reyes "cannot raise the same ground here by simply varying the factors that he claims demonstrate incompetency." *Cunningham v. Estelle*, 536 F.2d 82,

ORDER - 2

83 (5th Cir. 1976) (per curium) (citing *Sanders v. United States*, 373 U.S. 1, 15-16 (1963).

In some cases grounds for relief raised and rejected on direct appeal may be relitigated in a § 2255 petition. *See United States v. Alexander*, 106 F.3d 874, 976 (9th Cir. 1997). For Reyes-Rodriguez to relitigate his ineffective assistance claim, he would have to establish that "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) manifest error would otherwise result." *Id*. Reyes-Rodriguez has not demonstrated that any of these exceptions apply.[1]

Because Reyes-Rodriguez's ineffective assistance claims are not subject to relitigation, they are denied. Further, Reyes-Rodriguez's fourth basis for relief in the instant motion pertains to the Court's alleged failure to provide the jury with an entrapment instruction. This too was not error because the defense was never raised.

Therefore, Reyes-Rodriguez's first four claims for relief in his § 2255 petition are rejected.

**C.    Brady Violation**

Reyes-Rodriguez argues that a *Brady* violation occurred because the government allegedly withheld an audio recording of a telephone conversation between himself and the confidential source (CS). *See* Dkt. 1 at 31. Full discovery occurred in this matter and there is no evidence that such a recording exists. *See, e.g.*, Olson Decl. at 2. Reyes-Rodriguez presents nothing more than speculation that such a recording exists.

---

[1] Additionally, Reyes-Rodriguez's counsel made a tactical decision not to raise the entrapment defense. *See* Declaration of Paula T. Olson (Olson Decl., Dkt. 6). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Because Reyes-Rodriguez has not adequately demonstrated that Ms. Olson's tactical decision regarding entrapment is subject to challenge in this case, his ineffective assistance claim would fail even if he could relitigate this ground for relief. *See Strickland*, 466 U.S. at 687 (requiring a showing of deficient performance).

ORDER - 3

Therefore, because no evidence in the record exists to suggest that such an audio recording actually exists and because the record actually reflects the contrary, the Court denies this claim for relief.

**D.   Prosecutorial Misconduct**

Reyes-Rodriguez's prosecutorial misconduct claim is predicated on the theory that Detective Padukiewicz perjured himself on the stand with respect to his testimony on how the CS was paid. However, Reyes-Rodriguez has not adequately supported such a claim based on the record. He does attempt to support this claim by relying on the alleged existence of the same audio recording that forms the basis of his *Brady* violation. Because the Court concludes that no facts exist to suggest that this audio recording exists, such a fact cannot support Reyes-Rodriguez's theory that Detective Padukiewicz perjured himself.

Therefore, the Court rejects this basis of relief.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Reyes-Rodriguez's § 2255 petition (Dkt. 1) is **DENIED**.

DATED this 24th day of August, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4